IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JONNY ALFREDO LLIGUICOTA MAYANCELA,<br><br>*Plaintiff,*<br><br>vs.<br><br>SUPERINTENDENT OF KARNES COUNTY IMMIGRATION PROCESSING CENTER, MIGUEL VERGARA, FIELD OFFICE DIRECTOR, ICE SAN ANTONIO FIELD OFFICE; ACTING DIRECTOR TODD M. LYONS, ACTING DIRECTOR U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; AND SECRETARY, USDHS KRISTI NOEM, SECRETARY OF THE U.S. DEPARTMENT OF HOMELAND SECURITY;<br><br>*Defendants.* | 5-25-CV-01038-OLG-RBF |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns Petitioner's Petition for Writ of Habeas Corpus. *See* Dkt. No. 1. The District Court referred pretrial proceedings in this case pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 3. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the Petition should be **GRANTED**, and Respondents should be **ORDERED** to release Petitioner from custody.

**Factual and Procedural Background**

Petitioner Jonny Alfredo Lliguicota Mayancela is an Ecuadorian national who entered the United States in 2021 at the age of 15. Dkt. No. 1 at 3. He entered without inspection. *Id.* at 4.

Border Patrol encountered him, and he was then processed as an unaccompanied minor by the U.S. Department of Health and Human Services Office of Refugee Resettlement and released into the United States. *Id*.

In 2022, he applied for asylum. *Id*. at 3. He was granted employment authorization in connection with his pending asylum application, which authorization was valid from January 4, 2023, to January 4, 2025. *Id*. at 4. His application to renew the employment authorization is still pending. *Id*.

In June 2025, U.S. Immigration and Customs Enforcement (ICE) arrested Petitioner after he was unable to produce a driver's license during an encounter with police on the side of the road after his car malfunctioned. *Id*. at 5. Following Petitioner's arrest and detention, his attorney filed for his release on bond. *Id*. Petitioner was placed in removal proceedings, and an Immigration Judge (IJ) found him ineligible for release on bond under 8 U.S.C. § 1226(a) and pursuant to the Board of Immigration Appeals' decision in *Matter of Q Li*, 29 I&N Dec. 66 (BIA 2025). *Id*. The IJ found that he had been arrested and detained under §1225(b) as "an applicant for admission." *Id*.

Petitioner then filed the present Petition requesting an order of release and asserting violations of the following: (1) his Fifth Amendment right to due process; (2) the discretionary-detention provision of 8 U.S.C. § 1226(a), which he claims applies instead of the mandatory-detention provision at 8 U.S.C. § 1225(b)(2) ; (3) bond regulations at 8 C.F.R. §§ 236.1, 1236.1, and 1003.19; and (4) the Administrative Procedure Act. *Id*. at 5-13.

The Court held a hearing on November 14, 2025, and benefitted from a full and frank discussion with counsel. Dkt. No. 12. At the hearing, the parties confirmed that neither desires or

will request an evidentiary hearing, and both agreed that the Court needs no further briefing or argument prior to ruling on the Petition and Response.

## Analysis

District courts may grant a writ of habeas corpus to a petitioner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The petitioner "bears the burden of proving that he [or she] is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his [or her] burden of proof by a preponderance of the evidence." *Villanueva v. Tate*, No. 4:25-CV-03364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (internal citations omitted). A court considering a habeas petition must "determine the facts[] and dispose of the matter as law and justice require." *Id.* (*citing* 28 U.S.C. § 2243).

Because the Court concludes that relief is warranted on Petitioner's argument concerning the application of § 1225(b)(2) and § 1226(a), the Court does not address Petitioner's remaining arguments. Moreover, as Petitioner clarifies he is not challenging a removal order in this proceeding, only his mandatory detention under § 1225(b)(2), *see* Dkt. No. 9 at 8-9 (Reply), the Court need not dwell on Respondent's arguments centered on the lack of jurisdiction to challenge removal orders. *Cf. Jennings v. Rodriguez*, 583 U.S. 281, 293-95 (2018) (Alito, J.) (discussing jurisdiction); *id.* at 297-306 (majority op.) (interpreting 8 U.S.C. § 1225(b)(2)). There is, in any event, little doubt that jurisdiction exists to address Petitioner's constitutional challenge, which asserts "whether [immigration] policies have been applied to [Petitioner] in an unconstitutional manner." *Lopez-Arevelo v. Ripa*, No. EP-25-CV-337-KC, 2025 WL 2691828, at *7 (W.D. Tex. Sept. 22, 2025). That constitutional claim effectively turns on the same interpretive issue involving § 1225(b)(2) and § 1226(a) discussed below.

Turning to the question at issue, the parties disagree as to whether 8 U.S.C. § 1225(b)(2) or § 1226(a) controls in these circumstances. *See* Dkt. Nos. 1, 8, 9, 11. Detention is mandatory under § 1225(b)(2), whereas under §1226(a) detention is discretionary (except in limited circumstances not presented here) and an immigration-bond hearing would be appropriate.

Petitioner contends, among other arguments, that mandatory detention under § 1225(b)(2) is not warranted here pursuant to the plain meaning of § 1225(b)(2)'s text. Dkt. No. 1 at 5-10. Many courts within and outside this District and Circuit have addressed effectively this same issue and argument, whether couched in terms of a constitutional or statutory-interpretation issue. *See, e.g.*, *Hernandez-Fernandez v. Lyons*, No. 5:25-CV-00773-JKP, 2025 WL 2976923 (W.D. Tex. Oct. 21, 2025) (collecting cases, including in the Fifth Circuit); *Bethancourt Soto v. Soto*, No. 25-CV-16200, 2025 WL 2976572, *7 (D.N.J. Oct. 22, 2025) (collecting cases); *see also* Dkt. No. 11 (same). The Fifth Circuit has not yet spoken on the issue; nor, to this Court's knowledge, has any other Circuit Court or the U.S. Supreme Court. The overwhelming weight of persuasive authority, however, agrees with Petitioner's position that § 1226(a)—and not § 1225(b)(2)—applies such that the Government cannot unilaterally reclassify Petitioner as a § 1225(b)(2) detainee and thereby deny him any opportunity for a bond hearing. *See Hernandez-Fernandez v. Lyons*, No. 5:25-CV-00773-JKP, 2025 WL 2976923 (finding a constitutional violation under materially similar circumstances to those presented here); *Bethancourt Soto v. Soto*, No. 25-CV-16200, 2025 WL 2976572, at *7 (rejecting the theory of statutory interpretation the Government offers here and collecting cases that reach the same conclusion); Dkt. No. 11 (collecting cases); *but see, e.g.*, *Vargas Lopez v. Trump*, 2025 WL 2780351 (D. Neb. Sept. 30, 2025) (declining habeas relief in similar circumstances but citing significant procedural issues with the habeas petition).

4

Because the interplay between §§ 1225(b)(2) and 1226(a) has received considerable treatment in courts across the country, including in this District and Division specifically, the Court is loath to rehash those discussions at length. Suffice it to say, this Court adopts the reasoning from several decisions from within this District and elsewhere that conclude, in materially identical circumstances, that mandatory detention under § 1225(b)(2) does not properly apply in circumstances such as those presented here. *See, e.g.*, *Hernandez-Fernandez*, No. 5:25-CV-00773-JKP, 2025 WL 2976923 (W.D. Tex. Oct. 21, 2025); Order on Petitioner's Motion for a Temporary Restraining Order, Dkt. No. 11, *Pereira-Verdi v. Lyons et al*, 5-25-CV-01187-XR (W.D. Tex. Oct. 10, 2025); Report and Recommendation of United States Magistrate Judge, Dkt. No. 18, *Becerra Vargas v. Bondi et al*, 5:25-CV-01023-FB-HJB (W.D. Tex. Nov. 12, 2025). The following excerpt from the pertinent discussion in *Becerra Vargas* is illustrative:

> Respondents' interpretation of § 1252(b)(2) does not accord with the plain language of the statutory text or the settled rules by which it is to be interpreted. The plain language of § 1252(b)(2) applies its mandatory-detention provision only when the applicant for admission is "seeking admission." *See* 8 U.S.C. § 1252(b)(2)(A). At the hearing before the undersigned, Respondents argued that "seeking admission" and being an "applicant for admission" are synonymous. But this argument is contrary to established canons of statutory interpretation that "a variation in terms suggests a variation in meaning," and that "[w]ords are to be given the meaning that proper grammar and usage would assign them." *Covarrubias* [*v. Vergara*, No. 5:25-CV-112], 2025 WL 2950097, at *4 [(S.D. Tex. Oct. 8, 2025)] (quoting Antonin Scalia & Bryan A. Garner, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 170, 140 (2012)). "Seeking" is a "present-tense, or current, ongoing action, and varies materially from the passive state of being an applicant." *Covarrubias*, 2025 WL 295007, at *4. And the INA specifically defines "admission" as "lawful entry . . . into the United States after inspection and authorization by an immigration officer." *See* 8 U.S.C. § 1101(a)(13)(A). When Petitioner was taken into custody, . . . he was not "seeking admission" because he was not seeking "lawful entry into the United States," let alone after inspection and authorization by an immigration officer. Accordingly, Respondents' interpretation of § 1252(b)(2) does not accord with the language of the statute.

> Second, the Supreme Court's discussion of the relationship between §§ 1225 and 1226 in *Jennings* seriously calls Respondents' interpretation into question. In that case, the Court summarized that relationship as follows:
>
>> U.S. immigration law authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2). It also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings under §§ 1226(a) and (c).
>
> *Jennings*, 583 U.S. at 289 (emphasis added). The distinction drawn in *Jennings*, between those immigrants "seeking admission into the country," and those who are "already in the country," aligns perfectly with the text-based analysis set out in the preceding paragraph.[]

Report and Recommendation of United States Magistrate Judge, Dkt. No. 18, *Becerra Vargas v. Bondi et al*, 5:25-CV-01023-FB-HJB, at *8-*9 (W.D. Tex. Nov. 12, 2025) (footnote omitted).

Having determined, as most other courts have in materially the same circumstances, that § 1225(b)(2) doesn't apply in these circumstances, the Court therefore turns next to the appropriate remedy. At the hearing on November 14, 2025, the Government requested that should this Court be inclined to recommend relief for Petitioner, the relief granted should come in the form of an order of release, not an order that a § 1226(a) bond hearing be held. Counsel for Petitioner agreed.

Lastly, the Court instructs Petitioner that if he wishes to seek recovery of attorney's fees, he should do so by a separate motion filed pursuant to Local Rule CV-7(j) following the entry of judgment or other similarly final ruling, or as otherwise instructed by the presiding District Judge, keeping in mind Respondent's response to the fees request that cites Fifth Circuit precedent appearing to foreclose recovery of fees here. *See* Dkt. No. 8 at 1 n.2 (citing *Barco v. Witte*, 65 F.4th 782 (5th Cir. 2023)).

**Conclusion and Recommendation**

For the reasons discussed above, it is **RECOMMENDED** that the Petition for Writ of Habeas Corpus, Dkt. No. 1, be **GRANTED**, and that Respondents should be **ORDERED** to release Petitioner from custody.

**IT IS FURTHER RECOMMENDED** that the Court **ORDER** that Petitioner, upon his release, shall not be re-arrested and detained pursuant to 8 U.S.C. § 1225(b)(2), barring some material change in circumstances justifying such detention and not already addressed by the present habeas proceedings. *See* Order on Petitioner's Motion for a Temporary Restraining Order, Dkt. No. 11 at *7, *Pereira-Verdi v. Lyons et al*, 5-25-CV-01187-XR (W.D. Tex. Oct. 10, 2025) (enjoining arrest and detention of "Petitioner without notice and a pre-deprivation hearing before a neutral decision maker pursuant to 8 U.S.C. § 1226").

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this Report and Recommendation must *typically* be filed within fourteen (14) day**s** after being served with a copy of same, but this time period may be further modified by the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In light of the equities in this case, such as the deprivation of liberty at issue, the length of time that Petitioner already been detained, and the recommendation that Petitioner be released, the

deadline to file objections to this Report and Recommendation is shortened as follows: the parties must file any written objections within **ten (10) days** after receipt of a copy of this Report and Recommendation.

Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the district court's standing orders. *See* Rule CV-7. The objecting party shall file the objections with the clerk of the court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

**SIGNED** this 18th day of November, 2025.

_____
**RICHARD B. FARRER**
**UNITED STATES MAGISTRATE JUDGE**