UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
December 09, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

| | |
|---|---|
| JONNY ALFREDO LLIGUICOTA MAYANCELA, § § § | |
| Petitioner, § | |
| v. § | CIVIL NO. SA-25-CV-1038-OLG |
| SUPERINTENDENT OF KARNES COUNTY IMMIGRATION PROCESSING CENTER *et al.*, § § § § | |
| Respondents. § | |

## O R D E R

The Court has considered U.S. Magistrate Judge Richard B. Farrer's Report and Recommendation (the "Report") (Dkt. No. 13), filed on November 18, 2025, concerning Petitioner Jonny Alfredo Lliguicota Mayancela's Petition for Writ of Habeas Corpus (the "Petition") (Dkt. No. 1), filed pursuant to 28 U.S.C. § 2241. Respondents timely filed objections (the "Objections") (Dkt. No. 14) to the Report.

When a party objects to a magistrate judge's report and recommendation, the district court must conduct a de novo review as to those portions of the report and recommendation to which an objection is made. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Frivolous, conclusory, or general objections need not be considered by the district court. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Any portions of the magistrate judge's finding or recommendation that were not objected to are reviewed for clear error. *Wilson*, 864 F.2d at 1221.

The Court has conducted a de novo review of those portions of the Report subject to the Objections and is of the opinion that the Report is correct, and that the Objections are without merit. In recent weeks, the Court has carefully interpreted the statutory provisions and

jurisdictional challenges at issue in this case. In so doing, the Court reached the same conclusion as Judge Farrer in materially identical circumstances. *See Mendoza Euceda v. Noem*, Order, No. SA-25-CV-1234-OLG (W.D. Tex. Nov. 17, 2025); *see also Rahimi v. Thompson*, Order, No. SA-25-CV-1338-OLG (W.D. Tex. Dec. 4, 2025). Accordingly, the Objections (Dkt. No. 14) are **OVERRULED**, the Report (Dkt. No. 13) is **ACCEPTED** and, for the reasons set forth therein, the Petition (Dkt. No. 1) is **GRANTED** as set forth below.

**IT IS HEREBY ORDERED** that Respondents shall **RELEASE** Petitioner from custody under standard conditions of release.[1]

**IT IS FURTHER ORDERED** that Petitioner shall not be re-arrested absent a material change in circumstances not addressed in these proceedings.

**IT IS FURTHER ORDERED** that Petitioner's request for attorney fees under the Equal Access to Justice Act, *see* Dkt. No. 1 at 13, is **DENIED**. *See Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023) ("[T]he EAJA does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions.").

**SIGNED** this ___9___ day of December, 2025.

ORLANDO L. GARCIA
United States District Judge

---

[1] In previous cases, the Court has given the respondents a short window to complete a bond hearing or release the petitioner. However, counsel for Respondents requested that any habeas relief "come in the form of an order of release." Dkt. No. 13 at 6.